IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| MARILYN BROWN § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | Case No. 4:11CV463 |
| § | |
| COUNTRYWIDE HOME LOANS, § | |
| INC. d/b/a AMERICA'S WHOLESALE § | |
| LENDER, MORTGAGE ELECTRONIC § | |
| REGISTRATION SYSTEMS, INC. and § | |
| FEDERAL NATIONAL MORTGAGE § | |
| ASSOCIATION a/k/a FANNIE MAE § | |
| § | |
| Defendants. § | |

**MEMORANDUM OPINION AND ORDER REGARDING MOTION TO DISMISS**

Now before the Court is Defendants' Motion to Dismiss Plaintiff's Amended Complaint for Failure to State a Claim (Dkt. 8). As set forth below, the Court finds that the motion should be GRANTED.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

This case involves a Deed of Trust executed by Plaintiff on June 13, 2003 for the property located at 10505 Pineview Lane, Frisco, Texas 75035 (the "Property"). MERS was listed as nominee of the lender and lenders on the Deed of Trust. Plaintiff alleges that on November 19, 2009, Stephen Porter, acting as Assistant Secretary of MERS, assigned the Note and Deed of Trust to BAC Home Loans Servicing, L.P. In September 2007, BAC sent a notice of default under the

1

note to Plaintiff and, on or about January 5, 2010, conveyed the Property to Federal National Mortgage Association ("Fannie Mae") at a foreclosure sale.

Plaintiff claims that Porter was not duly appointed by MERS and therefore the assignment is void and that MERS had no authority to take any action with regard to the Note. Plaintiff further claims that the individual executing the Substitute Trustee's deed at the foreclosure sale had an inactive bar license.

On July 14, 2011, Plaintiff filed her original petition in the 429th Judicial District Court of Collin County, Texas. On July 25, 2011, Defendants removed the case to this Court.

Since removal, Plaintiff has filed an amended complaint against Defendants MERS and Fannie Mae. The amended complaint asserts the following claims: (1) filing of a fraudulent lien in violation of Texas Civil Practice and Remedies Code § 12.002; (2) trespass to try title and suit to quiet title; (3) violation of Sections 302.304(a)(8) and (19) of the Texas Finance Code; and (4) abuse of process. *See* Dkt. 6.

Defendants seek to dismiss Plaintiff's claims, arguing they are barred by *res judicata* and that they fail to state a claim under Rule 12(b)(6). Plaintiff has filed a response in opposition.

## STANDARD FOR MOTION TO DISMISS

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a party may move for dismissal of an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The Court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th

Cir. 1996). A claim will survive an attack under Rule 12(b)(6) if it "may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563, 127 S. Ct. 1955, 1969, 167 L. Ed.2d 929 (2007). In other words, a claim may not be dismissed based solely on a court's supposition that the pleader is unlikely "to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Id*. at 563 n.8.

Although detailed factual allegations are not required, a plaintiff must provide the grounds of his entitlement to relief beyond mere "labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. The complaint must be factually suggestive, so as to "raise a right to relief above the speculative level" and into the "realm of plausible liability." *Id*. at 555, 557 n.5. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009), (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955)). For a claim to have facial plausibility, a plaintiff must plead facts that allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). Therefore, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id*. (internal quotations omitted).

## ANALYSIS

Defendants argue that Plaintiff's claims are barred by the doctrine of *res judicata* because Plaintiff already received a final judgment based upon parties in privity and based upon the same claims. Defendants have attached numerous documents and a final judgment from a prior suit filed by Plaintiff against BAC Home Loans Servicing, L.P., which is not a Defendant herein, regarding the same Property and foreclosure made issue here. The Court finds that, because it involves a factual inquiry as to whether BAC and Defendants here were in privity and an examination of materials outside of Plaintiff's complaint, the *res judicata* inquiry is likely more appropriate for summary judgment.[1]

Nonetheless, the Court need not perform the *res judicata* analysis to determine Plaintiff's claims should be dismissed with prejudice. Defendants also argue that, even if not barred by *res judicata*, Plaintiff fails to state a claim under the facts pleaded. As set forth below, the Court agrees.

### *Filing of a Fraudulent Lien in Violation of Texas Civil Practice and Remedies Code § 12.002*

Plaintiff claims that Defendants filed a fraudulent lien with regard to her Property because MERS had no interest in the Promissory Note and no authority to assign the Note. Plaintiff also claims that "[t]he execution and filing of the purported assignment of the Promissory Note constitutes the filing of a fraudulent lien and claim against real property by a party who had no interest in the real property." Dkt. 6 at ¶28.

---

[1] Indeed, Defendants have filed a motion for summary judgment briefing the Court on the issue.

The Court finds that Plaintiff's claims in this case that "the Promissory Note does not contain any language granting MERS authority to take any action with regard to the Note, nor is there a document in the title record in which the Lender, Countrywide Home Loans, Inc., grants any such authority to MERS," *see* Dkt. 6 at ¶23, is not supported by the record herein. In fact, Plaintiff's theory has been repeatedly rejected by courts across the country, including this one.

The Deed of Trust here provides:

TRANSFER OF RIGHTS IN THE PROPERTY
The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS. This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described Property located in, the County of Collin:

Dkt. 8-1 at 30.[2]

Plaintiff has argued that MERS' assignment of the mortgage was invalid. Under the Texas Property Code, a mortgagee may authorize a mortgage servicer to service a mortgage and conduct a foreclosure sale. *See* TEX. PROP. CODE. ANN. § 51.0025. Here, the Deed of Trust identified MERS

---

[2]Although a district court may generally not go outside the complaint when considering a motion to dismiss, a court may consider documents attached to a motions to dismiss if the documents are referenced by the plaintiff's complaint and are central to the plaintiff's claims. *Scanlan v. Texas A & M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)); *see also Causey v. Sewell Cadillac-Chevrolet*, 394 F.3d 285, 288 (5th Cir. 2004). The Deed of Trust is central to Plaintiffs' claims here; therefore, the Court considers it.

as the beneficiary and the nominee for the original lender and its successors and assigns. *See* Dkt. 1-3. Thus, MERS is a mortgagee under the Texas Property Code. *See* TEX. PROP. CODE ANN. § 51.0001(4). As a mortgagee, MERS could authorize BAC to service the loan and foreclose. *Allen v. Chase Home Finance, LLC*, 2011 WL 2683192, 3 (E.D. Tex. 2011). Various opinions within the Fifth Circuit have rejected Plaintiff's argument that MERS' assignment of the mortgage was invalid and, without any factual distinctions by Plaintiff here, the Court declines to re-plow well harvested ground. *See, e.g., Richardson v. CitiMortgage, Inc.*, 2010 WL 4818556, at *5 (E.D. Tex. 2010) (rejecting the plaintiffs' attack on MERS, and noting that "[u]nder Texas law, where a deed of trust, as here, expressly provides for MERS to have the power of sale, then MERS has the power of sale") (*citing Athey v. MERS,* 314 S.W.3d 161, 166 (Tex. App. Eastland 2010)); *Allen v. Chase Home Finance, LLC*, 2011 WL 2683192, at *3-4 (E.D. Tex. Jun. 10, 2011); *Anderson v. CitiMortgage, Inc.*, 2011 WL 1113494, at *1-2 (E.D. Tex. Mar. 24, 2011); *see also Santarose v. Aurora Bank FSB,* 2010 WL 2232819, at *5 (S.D. Tex. Jun. 2, 2010) (rejecting the argument that MERS lacked standing to foreclose and was not a real party in interest); *Wiggington v. Bank of New York Mellon*, 2011 WL 2669071, at *3 (N.D. Tex. Jul. 7, 2011).

Moreover, as to Plaintiff's claims that Stephen Porter who executed the note on MERS' behalf had no authority to do so and that the person who executed the substitute trustee's deed had an inactive bar license, Plaintiff has not cited to any governing authority regarding MERS to show how she would have standing to challenge the validity of the assignment document. Contrary to Plaintiff's claims, the undersigned's unpublished opinion *Kingman Holdings* did not find that a

challenge of a MERS assignment fell within the purview of the Civil Practice and Remedies Code. The Court's opinion in that case addressed the availability of declaratory judgment as a remedy to determine that the dispute pertains to *lien superiority* and found that any issues as to the validity of assignments in *that* case would be reserved for summary judgment. *Kingman Holdings, L.L.C. v. Bank of America, N.A.*, 2011 WL 4431970, 3 (E.D. Tex. 2011). The Court did not address in any fashion the applicability of Section 12.002. In his unpublished *Kingman* opinion, Judge Mazzant allowed the plaintiff's claims under Section 12.002 to proceed because "Defendants fail to address the issue of the legal effect of Blackstun not being authorized to execute the assignment." *Kingman Holdings, LLC v. CitiMortgage, Inc.*, 2011 WL 1883829, 6 (E.D. Tex. 2011). Here, Defendants have addressed Plaintiff's allegations of Porter's authority and cited to cases from every district in the state in support of their position that a borrower did not have standing to challenge assignment from MERS to which borrower was a non-party. *See* Dkt. 24 at 5 (citing *Adams v. Bank of America, N.A.*, 2011 WL 5080217, at *4 (E.D. Tex. 2011); *Defranceschi v. Wells Fargo Bank, N.A.*, 2011 WL 3875338, at *5 (N.D. Tex. 2011); *McAllister v. BAC Home Loans Servicing, LP*, 2011 WL 2200672, *5 (E.D. Tex. 2011); *Eskridge v. Fed. Hom Loan Mortgage Corp.*, 2011 WL 2163989 (W.D. Tex. 2011) *Schieroni v. Deutsche Bank National Trust Company*, 2011 WL 3652194 (S.D. Tex. 2011)). And the Court can identify no governing authority to show that Plaintiff has stated sufficient facts to challenge whether a third party has authority to act on behalf of MERS. *But see Miller v. Homecomings Fin., LLC*, 2012 WL 3206237 (S.D. Tex. Aug 08, 2012) (finding that under Texas law homeowners have legal standing to challenge the validity or effectiveness of any assignment or

7

chain of assignments under which a party claims the right to foreclose on their property).[3]

As is evident by the recent deluge of cases challenging home foreclosures based on various theories, the Fifth Circuit's take on who has standing to challenge the validity of whether a party had authority to act on behalf of MERS has yet to be seen. However, without clear (and governing) authority as to the matter and having considered Plaintiff's case-specific allegations here, the Court declines to find that Plaintiff has stated a claim under Section 12.002 of the Texas Civil Practice and Remedies Code that is plausible on its face. Those claims are dismissed.

### *Trespass to Try Title and Suit to Quiet Title*

Similarly, Plaintiff has failed to state any facts to show that she has superior title to Defendants, causing her trespass to try title claim to fail. *Martin v. Amerman*, 133 S.W.3d 262, 265 (Tex. 2004) (noting that a plaintiff must usually (1) prove a regular chain of conveyances from the sovereign, (2) establish superior title out of a common source, (3) prove title by limitations, or (4) prove title by prior possession coupled with proof that possession was not abandoned to prevail in a trespass-to-try-title action). As noted above, Plaintiff has not pleaded any facts that would invalidate the assignment of the Note here or make the foreclosure proceedings void. Her trespass to try title and suit to quiet title claim is therefore also dismissed.

---

[3]The Court finds the *Miller* case distinguishable. In that case, the plaintiff did not argue that an assignment was made by an individual without authority to act on a party's behalf – as is the challenge here – but instead argued that the original lender never assigned the note to the foreclosing party or anyone else.

*Texas Debt Collection Act and Violation of Texas Finance Code §§ 302.304(a)(8) & (19)*

Plaintiff's complaint alleges that Defendants violated Sections 302.304(a)(8) and (19) of the Texas Finance Code. *See* Dkt. 6 at ¶38-39. No such statutory provisions exist. To the extent, Plaintiff asserts claims under 392.304(a)(8) and (19) – which do fall within the Texas Debt Collection Act – the Court finds that Plaintiff has failed to adequately state a claim. Section 392.304(a)(8) of the Texas Finance Code prohibits misrepresenting the character, extent or amount of consumer debt, and Section 392.304(a)(19) prohibits the use of false representations or deceptive means to collect a debt or obtain information concerning a consumer. Here, Plaintiff has not specifically stated how Defendants misrepresented the character of her debt nor has she sufficiently alleged any false representations made to survive Defendants' motion to dismiss. Plaintiff alleges that Defendants caused "contradictory representations to be made to Plaintiff regarding the status of her loan," but never alleges what those contradictory representations were. *See* Dkt. 6 at ¶39. Indeed, the majority of factual allegations in the complaint provide little more than "a formulaic recitation of the elements of a cause of action" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed.2d 929 (2007). In her response to the motion to dismiss, Plaintiff withdraws her Texas Debt Collection Act claims; therefore, they are dismissed with prejudice.

*Abuse of Process*

Plaintiff has similarly withdrawn her abuse of process claims. The Court agrees with Defendants that Plaintiff has not alleged what process supports her claim. See *Martinez v. English*, 267 S.W.3d 521, 528 - 29 (Tex. App.– Austin 2008, pet. denied) ("abuse of process applies to a

9

situation where a properly issued service of process is later used for a purpose for which it was not intended."). Therefore, that claim is also is dismissed with prejudice.

The Court has reviewed the facts alleged in Plaintiff's amended complaint. To the extent her claims are not already barred by the doctrine of *res judicata* and Plaintiff's prior suit against BAC, the Court finds that she has failed to state any viable claims against Defendants here. This matter shall be dismissed in its entirety.

**SO ORDERED.**

**SIGNED this 27th day of September, 2012.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE